WASHINGTON L. HUBBELL *vs.* WASHINGTON BISSELL.

The question how much a lessor shall pay a lessee for the surrender of his lease at a future day cannot be referred to arbitration by submission under the Rev. Sts. *c.* 114.

On a submission under the Rev. Sts. *c.* 114, of the question how much a lessor should pay his lessee for the surrender of his lease at a future day, and of all other claims between the parties which could be the foundation of an action at law or a suit in equity, the referees awarded that the lessor should recover of the lessee a certain sum, and added that they had considered that the lease was to be surrendered at the day agreed upon. *Held,* that the award was void.

Acceptance by the parties gives no validity to an award on a submission under the Rev. Sts. *c.* 114, of matters which are not the subject of such a submission.

MOTION for the acceptance of an award rendered upon a submission under the Rev. Sts. *c.* 114.

By the terms of the submission, Hubbell agreed to surrender a certain lease of real estate which he held from Bissell on the 1st day of April then next, provided Bissell should pay him such a sum, if any, as the referees should award to be paid for such surrender ; and the parties further submitted to the determination of the referees all claims and demands between them, of every name and kind, which could be the foundation of a suit at law or a bill in equity.

The referees awarded that Hubbell recover of Bissell the sum of $294.83, and costs of reference and of court; and added : " In the above award we have considered and passed upon the claims of the respective parties concerning the surrender of said lease, which lease and all property and claims thereunder held are to be surrendered by said Hubbell to said Bissell on the first day of April next; it being considered and found by us that all the real estate and all the property now upon the said premises," (with certain exceptions,) " is to be surrendered as aforesaid. And we append the foregoing to our award above written at the request of the parties."

The defendant objected to the acceptance of the award, on the ground that it included matters not within the jurisdiction of referees appointed under the Rev. Sts. *c.* 114.

At the hearing in the court of common pleas, the plaintiff

offered to prove that the award, on the day in which it was made, and before it was sealed up and addressed to the court, was published to the parties, and Bissell then expressed himself satisfied with it, and took (saying that they belonged to him) and had since retained two promissory notes, amounting to $300, made by him, which had been laid before the referees by Hubbell as a part of his claim, and had been passed upon by them; that the plaintiff, in obedience to the award, on the first day of April then next surrendered the lease to Bissell, and delivered to him possession of the real estate and of all the personal property mentioned in the statement of the referees; and Bissell entered into the possession thereof, and had used and occupied the same since, without interference by Hubbell. *Bishop*, J., rejected the evidence, and set aside the award. The plaintiff alleged exceptions.

*B. Palmer*, for the plaintiff. The submission includes nothing which cannot be submitted under the Rev. Sts. *c.* 114. But if it does, the parties, by presenting the same to the referees without objection, have waived all right to object on that ground. *Brown* v. *Bellows*, 4 Pick. 179.

The award is for the payment of money, and nothing else. The statement annexed to it by the referees at the request of the parties is no part of the award, and cannot affect it. *Lyman* v. *Arms*, 5 Pick. 213.

The evidence offered should have been admitted to show that Bissell had accepted the award, and taken and retained the notes, and availed himself of all the benefits arising to him from the award, and had thereby ratified it, and was bound to perform it. *Culver* v. *Ashley*, 19 Pick. 300.

*I. Sumner*, for the defendant. The submission includes matters not within the jurisdiction of arbitrators appointed pursuant to the Rev. Sts. *c.* 114 ; and the award, being for one gross sum, is therefore wholly void. *Henderson* v. *Adams*, 5 Cush. 610. *Abbott* v. *Dexter*, 6 Cush. 108. *Carpenter* v. *Spencer*, 2 Gray, 407. *Thrasher* v. *Haynes*, 2 N. H. 429.

Where referees act without jurisdiction, their award is void, even if submitted to by the party objecting. *Capron* v. *Van Noorden*, 2 Cranch, 126.

METCALF, J.   The question, how much the defendant should pay to the plaintiff for the plaintiff's surrender of a lease to him at a future day, was not "the subject of a personal action at law or of a suit in equity," within the Rev. Sts. *c.* 114, § 1.   It was therefore not a subject of submission to arbitrators, under that chapter, and their award concerning it is of no legal validity.

Other matters were rightly submitted to the arbitrators, but they have awarded a gross sum to be paid by the defendant to the plaintiff, so that the court cannot sever the part that is invalid from that which, if passed upon separately, might have been valid.   The whole award is therefore void.

The acceptance of the award by the defendant did not give jurisdiction to the arbitrators.                   *Exceptions overruled*